UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

GREGORY G. CHARLTON, JR.

CIVIL ACTION

NO. 11-817-BAJ-SCR

# RULING

This matter is before the Court on a motion by plaintiff, United States of America for summary judgment (doc. 5). Defendant, Gregory G. Charlton, Jr., has filed no opposition to the motion. Jurisdiction is based on 28 U.S.C. § 1331.

Plaintiff filed this action against defendant to recover damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729-3733, alleging that defendant committed fraudulent acts and made false statements and claims in violation of federal and common law to obtain federal disaster assistance following Hurricane Katrina under a program funded by the Federal Emergency Management Agency ("FEMA").

Pursuant to Uniform Local Rule 56.1, plaintiff has filed the following statement of material facts. Defendants have not controverted any of the stated facts and, therefore, pursuant to Uniform Local Rule 56.2, the following facts are undisputed for purposes of the present motion:[1]

---

[1] LR56.2 provides:
    Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be

1. Defendant, Gregory G. Charlton, Jr., pled guilty to violating 18 U.S.C. 1001(a)(3)(making and using false documents and writings) and was sentenced by this court in Criminal Action No. 10-150-BAJ-SCR, entitled "United States of America v. Gregory G. Charlton, Jr. (the Criminal Action)."

2. The false claims to which Charlton pled guilty and of which he was convicted in the Criminal Action are the identical false claims at issue in the instant civil proceeding.

3. The loss to FEMA as a result of Charlton's false claims was $39,729.40.

4. In sentencing the Charlton in the Criminal Action, this Court ordered Charlton to make full restitution to FEMA.

5. As of the date of filing of the United States' Motion for Summary Judgment, Charlton has made payments of $10,200 against his restitution. The current total balance of restitution due, including principal, interest, and penalties, is $32,744.29.

6. The criteria under 31 U.S.C. §3729(a) permitting the imposition of double damages, instead of treble damages, are not satisfied in this case. Charlton's October 2008 admission to federal agents that he had submitted the false time-sheets occurred after Charlton was made aware of the existence of the criminal investigation into his conduct. Additionally, the information provided by Charlton to federal agents Richard Perry as to the false time-sheets was not provided within 30 days of Charlton's submission of said false time-sheets.

(Doc. 5-5).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that

---

> tried. All material facts set forth in the statement required to be
> served by the moving party will be deemed admitted, for purposes
> of the motion, unless controverted as required by this rule.

2

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

31 U.S.C. § 3729 provides in pertinent part:

> (a) Any person who
>     (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; [or]
>     (2) knowingly makes, uses, or causes to be used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
> \* \* \*
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person, except that if the court finds that - -
>     (A) the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;

3

> (B) such person fully cooperated with any Government investigation of such violation; and
> (C) at the time such person furnished the United States with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation and the person did not have actual knowledge of the existence of an investigation into such violation;
>
> the court may assess not less than 2 times the amount of damages which the Government sustains because of the acts of the person. A person violating this subsection shall also be liable to the United States Government for the costs of a civil action brought to recover such penalty or damages.

31 U.S.C. § 3729(a).[2]

To establish a violation of the False Claims Act, the United States must demonstrate, by a preponderance of the evidence, that the defendant possessed guilty knowledge or guilty intent to cheat the government. *U.S. v. Thomas*, 709 F.2d 968, 971-72 (5th Cir. 1983).[3] The undisputed facts of this case establish that: (1) the United States sustained $39,729.40 in damages as a result of Charlton's knowing

---

[2] The mandatory civil penalty imposed by 31 U.S.C. § 3729(a) has been increased from a range of $5,000-$10,000 to a range of $5,500-$11,000 by 28 C.F.R. § 85.3 as per the inflation adjustment procedures prescribed in section 5 of the Federal Civil Monetary Penalties Inflation Adjustment Act of 1990, Pub.L. 101-410.

[3] 31 U.S.C. § 3729(b) provides that:
> For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information- -
> (1) has actual knowledge of the information;
> (2) acts in deliberate ignorance of the truth and falsity of the information; or
> (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required."

Case 3:11-cv-00817-BAJ -SCR   Document 6   05/14/12   Page 4 of 6

presentation of a false claims to FEMA; (2) more than thirty days passed between defendant's submission of the claim to FEMA and his admission that the claim was fraudulent;[4] and, (3) defendant has paid $10,200.00 toward restitution, leaving an unpaid balance of $32,744.29, including principal, interest, and penalties.[5] The Court therefore concludes that there is no genuine issue as to any material fact and that may be found liable to the United States Government, under 31 U.S.C. § 3729(a), for a civil penalty of not less than $5,500.00 and not more than $11,000.00 for each of the thirty-five false claims at issue, plus 3 times the amount of damages sustained by the government as a result of his fraudulent claims.

The Court, however, "may exercise discretion where the imposition of forfeitures might prove excessive and out of proportion to the damages sustained by the Government. The forfeiture should reflect a fair ratio to damages to insure that the Government completely recoups its losses." *Peterson v. Weinberger*, 508 F.2d 45 (5th Cir. 1975). In the present case the Court notes that, the civil penalties to be imposed pursuant to Section 3729 total $192,500.00, and when added to the

---

[4] *See also* the Affidavit of Steven J. Monachello, Special Agent for the Department of Homeland Security, who states that the criminal investigation of defendants did not begin until approximately three and one-half years after defendant submitted the false claims for which he was convicted (doc. 5-3, ¶3).

[5] *See also*, the Affidavit of Darlene Casebonne, Paralegal Specialist in the Financial Litigation Unit of the United States Attorney's Office for the Middle District of Louisiana, who states that the unpaid balance of defendant's restitution, including principal, interest, and penalties, is $32,744.29 (doc. 5-4, ¶ 4).

5

Case 3:11-cv-00817-BAJ -SCR   Document 6   05/14/12   Page 5 of 6

$119,188.20 in treble damages, the defendant stands to be cast in judgment for $311,688.20 even though the government sustained a loss of only $39,729.40.

The Court finds that the imposition of $311,688.20 in forfeitures in this matter would be excessive and out of proportion to the damages sustained. Accordingly, the Court hereby exercises its discretion to reduce the forfeiture to an amount that reflects a fair ratio to damages and which will allow the government to completely recoup its losses.

## CONCLUSION

Accordingly, the motion by plaintiff, United States of America, for summary judgment (doc. 5) is hereby **GRANTED**. Judgment shall be entered in favor of the United States of America and against defendant, Gregory G. Charlton, Jr., in the sum of $130,188.20. This amount reflects $119,188.20 in treble damages and $11,000.00 in civil penalties. This award shall not be in addition to the criminal restitution defendants have already been ordered to pay, and any amounts paid shall be credited as satisfying both the civil and criminal monetary amounts. 18 U.S.C. §3664(j)(2).

Baton Rouge, Louisiana, May 14, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA